**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GRACIOUS HOME LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 16-13500-mkv<br><br>Jointly Administered |
| IRIS REYES, on behalf of herself and all others similarly situated,<br>                    Plaintiff,<br><br>      - against -<br><br>GRACIOUS HOME HOLDINGS LLC, GRACIOUS HOME PAYROLL LLC, GRACIOUS HOME LLC, GH EAST SIDE LLC, GH WEST SIDE LLC, GH CHELSEA LLC, and GRACIOUS (IP) LLC,<br>                  Defendants. | <br><br><br><br>Adv. Pro. No. 17-1031-mkv |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Gracious Home Holdings LLC, Gracious Home Payroll LLC, Gracious Home LLC, GH East Side LLC, GH West Side LLC, GH Chelsea LLC, and Gracious (IP) LLC (collectively referred to as "Gracious Home"), by and through undersigned counsel, respectfully submit their Answer and Affirmative Defenses to Plaintiff Iris Reyes' ("Plaintiff") Complaint, and state as follows:

**NATURE OF ACTION**

1.      Gracious Home admits only that Plaintiff commenced this putative class action on behalf of herself and all others similarly situated former employees identified in the Complaint. The remaining allegations in Paragraph 1 contain legal conclusions for which no response is

---

[1] The Debtors in the above-captioned chapter 11 cases are: Gracious Home Holdings LLC, Gracious Home Payroll LLC, Gracious Home LLC, GH East Side LLC, GH West Side LLC, GH Chelsea LLC, and Gracious (IP) LLC.

required. To the extent a response is required, Gracious Home denies the remaining allegations contained in Paragraph 1.

2. Gracious Home admits only that Plaintiff seeks the damages identified in Paragraph 2. The remaining allegations in Paragraph 2 contain legal conclusions for which no response is required. To the extent a response is required, Gracious Home denies the remaining allegations contained in Paragraph 2.

## JURISDICTION AND VENUE

3. The allegations in Paragraph 3 contain a legal conclusion to which no response is required.

4. The allegations in Paragraph 4 contain a legal conclusion to which no response is required.

5. The allegations in Paragraph 5 contain a legal conclusion to which no response is required.

## PARTIES

6. Gracious Home admits they are limited liability companies organized under the laws of the State of Delaware and have a principal place of business located at 1210 Third Avenue, New York, New York.

7. Gracious Home admits it operated housewares and home furnishings businesses. Gracious Home admits its business included retail locations located at 1992 Broadway, 1201 Third Avenue, 1210 Third Avenue, 1220 Third Avenue, 45 West 25th Street, New York, New York, and its warehouse located at 3030 Woodside Avenue, Queens, New York. Gracious Home states that its 1210 Third Avenue location remains in operation.

8. Gracious Home admits only that Plaintiff was employed as a manager at the retail location located at 1201 Third Avenue, New York, New York, beginning on or about August 20,

1996. Gracious Home further admits that Plaintiff was terminated on or about December 29, 2016. Gracious Home denies all remaining allegations in Paragraph 8.

### SINGLE EMPLOYER ALLEGATIONS

9. The allegations in Paragraph 9 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home admits only that they are owned by Americas Retail Flagship Fund LLC and Gracious Partners LLC. Gracious Home further admits only that Robert Morrison and Patrick Klosterman currently serve as the Chief Executive Officer and Chief Financial Officer respectively for Gracious Home. Gracious Home further admits that Jenna Everhart previously served as the Human Resources Director for Gracious Home. Gracious Home denies the remaining allegations and any implications relating to the "common ownership and control" referenced in Paragraph 9.

### CLASS ALLEGATIONS

10. Gracious Home states that the contents of the WARN Notice referenced in Paragraph 10 speak for themselves. The remaining allegations in Paragraph 10 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the remaining allegations in Paragraph 10.

11. The allegations in Paragraph 11 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the allegations in Paragraph 11.

12. The allegations in Paragraph 12 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home admits only that Plaintiff worked at one of their locations and was subsequently terminated without cause. Gracious Home denies the remaining allegations in Paragraph 12.

13. Gracious Home is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore, denies the allegations and demands strict proof thereof.

14. The allegations in Paragraph 14 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the allegations in Paragraph 14.

15. The allegations in Paragraph 15 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the allegations in Paragraph 15.

## COUNT 1
### New York State WARN Act
**(Against all Defendants)**

16. Gracious Home incorporates their responses to Paragraphs 1 through 15 as if fully set forth herein.

17. The allegations in Paragraph 17 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home admits only that they operated a business that they collectively employed at least 50 employees who worked full-time. Gracious Home further states that the contents of First Day Declaration referenced in Paragraph 17 speaks for itself. Gracious Home denies the remaining allegations in Paragraph 17.

18. The allegations in Paragraph 18 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home admits only that certain of its locations closed during the 30 day period following December 14, 2016. Gracious Home further admits that Plaintiff was terminated as a result of the closing of one of their locations. Gracious Home denies the remaining allegations in Paragraph 18.

19. The allegations in Paragraph 19 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the allegations in Paragraph 19.

20. The allegations in Paragraph 20 contain a legal conclusion to which no response is required. To the extent a response is required, Gracious Home denies the allegations in Paragraph 20.

**WHEREFORE,** Gracious Home hereby demands judgment in its favor and against Plaintiff, dismissing with prejudice Plaintiff's Complaint and awarding attorneys' fees and costs, and any other relief the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Standing)

Plaintiff, and/or other members of the putative class, lack the requisite standing to bring the claims set forth in the Complaint.

### SECOND AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against Gracious Home.

### THIRD AFFIRMATIVE DEFENSE
(Intervening Cause)

Gracious Home alleges that Plaintiff's and the supposed class members' alleged injuries, if any, were proximately and solely caused by the acts or actions of a third party over which Gracious Home had no control.

### FOURTH AFFIRMATIVE DEFENSE
(Faltering Company Exception)

Gracious Home is not liable for any alleged violations of New York's WARN Act, in whole, or in part, because they qualify as a "Faltering Company" under the Act.

### FIFTH AFFIRMATIVE DEFENSE
(Unforeseeable Business Circumstances Exception)

Gracious Home is not liable for any alleged violations of New York's WARN Act, in whole, or in part, because they qualify for the "Unforeseeable Business Circumstances" Exception Under the Act.

### SIXTH AFFIRMATIVE DEFENSE
(Good Faith Exception)

Gracious Home is not liable for any alleged violations of New York's WARN Act, in whole, or in part, because they acted in good faith at all times relevant to this action and have reasonable grounds to believe their conduct was not in violation of the Act.

### SEVENTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

Gracious Home expressly reserves their right to assert such other and further affirmative defenses as may be appropriate.

Respectfully submitted,

**SAUL EWING LLP**
*Attorneys for the Gracious Home Defendants*

By:  *s/Ryan L. Di Clemente*
Ryan L. DiClemente
Dipesh Patel

Dated:  April 24, 2017